IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HELLER, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0370 |
| | § | |
| TESCO CORPORATION, | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Compel Arbitration [Doc. # 11] ("Motion") filed by Defendant Tesco Corporation ("Tesco"). Plaintiff Robert Heller has responded [Doc. # 13] and Tesco has replied [Doc. # 14]. Also pending is a Motion to Intervene [Doc. # 17] filed by Kenneth Harrison and Michael Ready ("Intervenors"). Tesco has responded [Doc. # 20]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Tesco's Motion should be **granted** and that Intervenors' Motion should be **denied**.

Plaintiff does not oppose Tesco's Motion as to his own individual claim. Plaintiff does, however, argue that "Plaintiff's agreement to arbitrate his claims does not bind others who have or will join this action, if they have not received adequate notice of [Tesco's] arbitration policy and did not accept the terms of the arbitration

policy."[1]  Tesco does not dispute this principle.  Tesco does, however, argue that because the named plaintiff in a FLSA case is the agent for all other consenting, similarly situated employees, Heller should be compelled to represent in binding arbitration the similarly situated employees he seeks to represent in this litigation.  The Court declines to reach this issue.  Having determined that Heller's case must go to arbitration, the procedural issues in the arbitration should be decided by the arbitrators.

Section 3 of the Federal Arbitration Act requires that a court stay its proceedings on claims that are subject to arbitration.  *See* 9 U.S.C. § 3.  However, "if all the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."  *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999); *see also Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 n.9 (5th Cir. 2003).  Here, because "all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose."  *Fedmet*, 194 F.3d at 678 (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).  Accordingly, the Court exercises its discretion and dismisses this case without prejudice.

Because the Court has determined that Heller, the proposed representative

---

[1]  Plaintiff's Response [Doc. # 13].

plaintiff, must arbitrate his claims and the case will be dismissed, the Court declines to exercise its discretion to permit Intervenors to join in this case. This denial is without prejudice to the Intervenors' right to file their own suit against Defendant. It is therefore

**ORDERED** that Tesco's Motion [Doc. # 11] is **GRANTED**. It is further

**ORDERED** that and all claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Intervenors' Motion to Intervene [Doc. # 17] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **July, 2009**.

_____
Nancy F. Atlas
United States District Judge